**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-CV-00558-O** |
| | § | |
| **MATTHEW BROWN, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**OPINION AND ORDER**

Before the Court are Defendant Matthew Brown's Motion to Alter or Amend the Final Judgment, Supporting Brief, and Appendix in Support (ECF Nos. 98–100), Plaintiff's Response and Objection in Opposition (ECF No. 103), and Defendant's Reply (ECF No. 104). After considering the briefing and relevant caselaw, the Court **DENIES** Plaintiff's Motion to Alter or Amend the Final Judgment.

## I. BACKGROUND[1]

This suit arises out of an allegedly fraudulent scheme concerning Virgin Orbit Holdings, Inc. ("Virgin Orbit"). In 2017, shortly after a failed launch, Virgin Orbit filed a Form 8-K with the Securities and Exchange Commission ("SEC" or "Plaintiff"), disclosing that it would immediately initiate a company-wide operational pause to conserve capital, pursue additional funding, and explore strategic opportunities.[2] Defendant Matthew Brown ("Defendant Brown") contrived and perpetuated the scheme to fraudulently pump Virgin's stock price.

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's Complaint or the Court's Order granting Plaintiff's Motion for Summary Judgment. *See* Pl.'s Compl., ECF No. 1; Order., ECF No. 81.
[2] Pl.'s Compl. ¶ 17, ECF No. 1.

The SEC brought this action on June 17, 2024, alleging Defendants participated in securities fraud and violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder. Defendants, proceeding pro se, moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). On December 18, 2024, this Court denied Defendants' Motion to Dismiss.[3]

Next, Defendants moved for summary judgment.[4] Plaintiff moved for partial summary judgment against Defendants, arguing Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.[5] This Court issued an order denying Defendants' Motion for Summary Judgment and granting Plaintiff's Motion for Partial Summary Judgment.[6] The Court found Plaintiff demonstrated by a preponderance of the evidence that Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.[7] The Court also ruled on Plaintiff's Motion for Remedies and entered a final judgment against each defendant on September 27, 2026.[8]

Defendant Brown now asks the Court to Alter or Amend the Final Judgment. The Motion is now ripe for the Court's decision.

## II. LEGAL STANDARD

A motion to reconsider under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Further, a Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479. "'Manifest error' is one that 'is plain and indisputable, and that

[3] *See* Order, ECF No. 23.
[4] *See* Defs.' Mot. Summ. J., ECF No. 53.
[5] Pl.'s Br. Supp. Mot. Partial Summ. J. 1, ECF No. 67.
[6] *See generally* Order, ECF No. 81.
[7] *Id.*
[8] *See* Order, ECF Nos. 95–96.

amounts to a complete disregard of the controlling law.'" *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 480 (S.D. Tex. 2012) (quoting *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)); *see also Bank One, Tex., N.A. v. FDIC*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998) ("[A] 'manifest error' is an obvious mistake or departure from the truth.").

Additionally, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *see also Berge v. GE Oil & Gas*, No. H-08-2931, 2011 WL 798204, at *3 (S.D. Tex. 2011) ("Importantly, a 'Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and [movant] cannot have a second bite at the apple on the same issues that were previously addressed by the parties and this Court.'") (quoting *Alvarado v. Tex. Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at *2 (W.D. Tex. 2005)). Courts have significant discretion in deciding whether to grant a motion to reconsider, but the Fifth Circuit has cautioned that a Rule 59(e) motion is "an extraordinary remedy that should be used sparingly." *See Jones v. Stephens*, 998 F. Supp. 2d 529, 536 (N.D. Tex. 2014) (citing *Templet*, 367 F.3d at 479); *see also Riddle v. DynCorp. Int'l Inc.*, 773 F. Supp. 2d 647, 649 (N.D. Tex. 2011) (Lindsay, J.) ("[T]he Fifth Circuit has observed that Rule 59(e) 'favor[s] the denial of motions to alter or amend a judgment.'") (quoting *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

## III. ANALYSIS

Defendant Brown asks the Court to reconsider the injunction contained in its previous final judgment.[9] Defendant Brown argues the Court made a manifest-error-of-law under Rule 59(e) by

---

[9] Final Judgment, ¶ 2, ECF No. 95.

issuing an injunction lacking the clarity required by Rule 65(d)(1).[10] Plaintiff argues Defendant fails to establish any manifest errors of law as required by Rule 59(e).[11] The Court agrees with Plaintiff.

The injunction Defendant Brown claims lacks specificity states the following:

> **IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Sections 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(1) and (5)], Defendant Brown is permanently restrained and enjoined from directly or indirectly, including but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security; provided, however, that such injunction shall not prevent him from purchasing or selling securities for his own personal account.[12]

Defendant Brown argues the above injunction needs to specify "indirect" participation.[13] The Court disagrees the injunction fails to specify the activities which Defendant Brown can undertake. Defendant Brown argues in a conclusory manner without case law that the injunction lacks specificity. But these conclusory arguments do not satisfy the Rule 59(e) manifest error of law standard. Furthermore, as SEC's brief points out, other Courts have used the very similar injunctions.[14] *See Sec. & Exch. Comm'n v. AmeraTex Energy, Inc.*, No. 4:18-CV-00129, 2021 WL 1061395 (E.D. Tex. Mar. 18, 2021)[15]; *Sec. & Exch. Comm'n v. Faulkner*, No. 3:16-CV-1735-D, 2021 WL 75551 at *15–16 (N.D. Tex. Jan. 8, 2021), aff'd sub nom. *Sec. & Exch. Comm'n v. Hallam*, 42 F.4th 316 (5th Cir. 2022).[16] Considering the high standard set by Rule 59(e), the past

[10] Def.'s Mot. Alter J. 1, ECF No. 98.
[11] Pl.'s Resp. 2–3, ECF No. 103.
[12] Final Judgment 2, ECF No. 95.
[13] Def.'s Br. Supp. Mot. Alter J. 3, ECF No. 99.
[14] Pl.'s Resp. 3, ECF No. 103.
[15] *Sec. & Exch. Comm'n v. AmeraTex Energy, Inc.*, No. 4:18-CV-00129, Final J., ECF No. 81 (E.D. Tex. Mar. 18, 2021).
[16] *Sec. & Exch. Comm'n v. Faulkner*, No. 3:16-CV-1735-DFinal J. Def. Hallam 5, ECF No. 581 (N.D. Tex. Jan. 8, 2021).

application of similar injunctions, and the lack of legal support from Defendant Brown showing the Court's injunction failed to meet the specificity standard set in Rule 65(d)(2), the Court **DENIES** Defendant's Motion to Alter the Final Judgement.

Defendant Brown also requested relief under Rule 60(b).[17] As Plaintiff points out in their briefing, Defendant Brown failed to demonstrate why clarification under Rule 60(b) is necessary under the rule.[18] As discussed above, the Court sees no reason to alter the injunction. Therefore, the Court **DENIES** Defendant's request to clarify the judgment under Rule 60(b).

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion to Alter Judgment (ECF No. 98).

**SO ORDERED** on this **5th day** of **November, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

[17] Def.'s Br. Supp. Mot. Alter J. 3, ECF No. 99.
[18] Pl.'s Resp. 4–5, ECF No. 103.